**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE DRAMATIC PUBLISHING CO., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>THE ESTATE OF NELLE HARPER )<br>LEE, by and through its personal )<br>representative TONJA CARTER, )<br>and HARPER LEE, LLC, )<br>)<br>Respondents. ) | Case No. 21 C 5541 |

## ORDER ON MOTION TO CONFIRM FINAL AWARD

This lawsuit was initiated by Dramatic Publishing Company's filing, on October 19, 2021, of a motion to confirm an arbitration award issued the previous day, October 18, 2021. That award was actually an "interim" award and entitled as such by the arbitrator. In it, the arbitrator found in favor of Dramatic on certain of its claims against respondent Estate of Nelle Harper Lee and Harper Lee, LLC, and awarded Dramatic damages of $185,227. The arbitrator also issued declaratory and other equitable relief in Dramatic's favor and concluded that Dramatic was entitled to reasonable attorney's fees and costs in an amount to be determined. After Dramatic moved to confirm the interim award, respondents cross-moved to vacate it.

On June 17, 2022, the Court denied respondents' motion to vacate, largely approving the arbitrator's rulings but remanding for clarification of a particular term in his declaratory relief. In addition, as part of the briefing before the Court on the motion to confirm/motion to vacate, Dramatic sought an award of attorney's fees for the litigation in court. The Court concluded that Dramatic was entitled to fees for the court phase of

the litigation but left determination of the amount until after the arbitrator decided the matter the Court had remanded.

In the interim, two things had happened. First, on October 21, 2021, the arbitrator issued a "corrected" interim award. *See* Dkt. no. ECF p. 20 of 107. The Court has no idea what was corrected, or how. Second, and more significantly, on January 28, 2022 the arbitrator issued a final award. The arbitrator attached the corrected version of the interim award to the final award but did not further revisit its terms. The final award assessed Dramatic's claimed attorney's fees and costs and awarded it a total of $2,556,999. Dramatic then filed a motion for modification of the final award, which the arbitrator granted on February 16, 2022, increasing the amount of fees and costs awarded to $2,577,204.

On February 28, 2022, Dramatic filed a motion to confirm the final award as modified. Respondents never filed a motion to vacate the final award. The Court deferred setting a briefing schedule on Dramatic's motion to confirm the final award until after it ruled on the cross-motions relating to the interim award, which as indicated above took place on June 17, 2022. After the Court's ruling on the interim award, respondents asked the Court to defer the motion to confirm the final award until the completion of proceedings on remand. The Court overruled this request and set a briefing schedule on the motion to confirm the final award. The Court did so because the final award was essentially a fees-and-costs award; the Court's ruling on the interim award did not disturb the arbitrator's ruling in favor of Dramatic on the merits; and thus there was no good reason to defer review of the arbitrator's award of attorney's fees and costs in Dramatic's favor.

The motion to confirm the final award is now fully briefed. Respondents elected not to challenge anything in the final award—that is, they did not challenge the arbitrator's award of attorney's fees and costs—and instead only reargued their contention that the Court should wait until the arbitrator completed proceedings on remand. They also added to this the fact that Dramatic has, on remand, asked for a further award of fees, so in all likelihood there will be more to review once the arbitrator completes his tasks on remand. The best way to respond to this is, so what? The fact that more fees might be awarded has no impact on the proposition that the existing fee award (i.e. the arbitrator's final award) is fully reviewable now, and appropriately so. The fee award isn't up for reconsideration on remand, nor is anything that will undercut the fact that Dramatic prevailed on the merits and is entitled to fees—a point that the arbitrator actually determined in the *interim* award (which the Court has already reviewed), leaving only determination of the specific amounts for the final award. In any event, the Court already ruled on the point asserted by respondent when it overruled their request to defer consideration of the final award, and respondents have offered no good basis to revisit that ruling.

The Court concludes that respondents have waived or forfeited any challenge to the arbitrator's award of attorney's fees and costs contained in the final award as modified, or at least have conceded the appropriateness of the fees-and-costs award. The Court grants Dramatic's motion to confirm [dkt. no. 35] and hereby confirms the arbitrator's award of attorney's fees and costs in favor of Dramatic and against respondents The Estate of Nelle Harper Lee and Harper Lee, LLC in the amount of $2,577,204.

This, however, does not dispose of the entire case. What remains before the Court are the following tasks: (1) review of the arbitrator's anticipated decision on remand; (2) potentially, review of a supplemental award of fees and costs by the arbitrator; (3) consideration of Dramatic's "supplemental motion to confirm arbitration award" [dkt. no. 51], which as the Court understands it concerns confirmation of an agreed order entered by the arbitrator on September 2, 2021 and Dramatic's request for prejudgment interest on the award of damages; and (4) determination of the appropriate award of attorney's fees and costs in connection with proceedings before this Court. The telephonic status hearing set for September 26, 2022 is vacated. The parties are directed to file a joint status report, which should include a statement regarding the status of the remand proceedings before the arbitrator, on October 19, 2022. A telephonic status hearing is set for October 26, 2022 at 8:50 a.m., using call-in number 888-684-8852, access code 746-1053. The Court reserves the right to vacate the status hearing if it determines a hearing is not necessary.

Date: September 23, 2022

_____
MATTHEW F. KENNELLY
United States District Judge