**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THE DRAMATIC PUBLISHING COMPANY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 21 C 5541** |
| ) | |
| **THE ESTATE OF NELLE HARPER LEE, by and through its personal representative TONJA CARTER, and HARPER LEE, LLC,** ) ) ) ) | |
| ) | |
| **Respondents.** ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Dramatic Publishing Company brought this suit against respondent Estate of Nelle Harper Lee and Harper Lee, LLC (the "Estate") to confirm an arbitration award concerning the stage rights to adaptions of Nelle Harper Lee's novel, *To Kill a Mockingbird*. In earlier decisions, this Court denied the Estate's cross-motion to vacate the award, remanded the case to the arbitrator for clarification, and confirmed the arbitrator's award of attorney's fees and costs in favor of Dramatic. *See Dramatic Publishing Co. v. Carter*, No. 21 C 5541, 2022 WL 2194586 (N.D. Ill. June 17, 2022); Order on Mot. to Confirm Final Award, *Dramatic Publishing Co. v. Carter*, No. 21 C 5541 (N.D. Ill. Sept. 23, 2021). Dramatic now moves to confirm the award as clarified by the arbitrator and to clarify various other issues. The Court grants the motions for the reasons stated below.

**Background**

The Court takes the following facts from its prior orders and the parties' briefing. A more detailed recounting of the allegations can be found in the Court's June 17, 2022 decision on Dramatic's motion to confirm the interim award and the Estate's motion to vacate. *See Dramatic Publishing Co. v. Carter*, 2022 WL 2194586.

In October 2021, an arbitrator issued an "interim" arbitration award finding in favor of Dramatic on certain of its claims against the Estate. The arbitrator held that Dramatic was entitled to $185,227 in damages, declaratory and other equitable relief, and reasonable attorney's fees and costs in an amount to be determined. Dramatic filed this suit to confirm the interim award the next day, and the Estate moved to vacate that award. The Court denied the Estate's motion to vacate, largely approved the arbitrator's rulings as set out in the interim award, and remanded for clarification of a particular term in the equitable relief awarded by the arbitrator. The Court also held that Dramatic is entitled to attorney's fees associated with the litigation in federal court, which the Court would determine at a later date.

In January 2022, while the Court's decision on the interim award was pending, the arbitrator awarded Dramatic $2,556,999 in attorney's fees and costs ("Final Award"). A few weeks later, the arbitrator granted Dramatic's motion for modification of the final award and increased the award of fees and costs to $2,577,204 ("Corrected Final Award"). Dramatic moved to confirm the Corrected Final Award. The Estate did not move to vacate or otherwise challenge that award, so on September 23, 2022 the Court confirmed the arbitrator's determination of fees and costs in the amount of $2,577,204. Five days later, the Estate transferred to Dramatic $2,580,417.42, which represented

2

the fees and costs in the Corrected Final Award plus the interest accrued after the Court confirmed that award. The Estate did not pay the $185,277 damage award or any interest on that award.

On September 1, 2022, Dramatic filed a supplemental motion to confirm all of the arbitrator's awards and orders. Dramatic requested for the first time that the Court confirm the arbitrator's September 2, 2021 order, which stated that any settlement between the Estate and the Estate of Gregory Peck regarding stage rights "will include a statement that the agreement is subject to Dramatic's stage rights as such rights are determined in this Arbitration or in any appeal thereof." Suppl. Mot. to Confirm Arbitration Award, *Dramatic Publishing Co. v. Carter*, No. 21 C 5541, Ex. A at 1 (N.D. Ill. Sept. 1, 2022). Dramatic also asked the Court to clarify that it is entitled to post-judgment interest on the arbitration award. The Estate opposes both of these requests.

The arbitrator issued a clarification of the interim order in late September 2022 and made minor corrections in a revised clarification (the "Clarified Award") on October 11. Dramatic renewed its motion to confirm the Clarified Award that same day, and the Estate did not assert any additional grounds to vacate it.

On December 8, 2022, Dramatic moved to accelerate confirmation of the Clarified Award. The Estate took no position on the motion, and the Court terminated it as moot during a telephonic hearing on December 15, 2022.

### Discussion

"Judicial review of arbitration awards is extremely limited." *Johnson Controls, Inc. Systems & Servs. Div. v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Industry of U.S. & Canada, AFL-CIO*, 39 F.3d 821, 824 (7th Cir. 1994). A

court may modify an award only if there was an evident material miscalculation or material mistake, the arbitrators issued an award on a matter not submitted to them, or the award contains some imperfection of form that does not affect the merits of the controversy. 9 U.S.C. § 11. In addition, a court may vacate an award "where the arbitrators exceeded their powers." *Id.* § 10(d). Upon application by a party to the arbitration "at any time within one year after the award is made," a court may enter an order confirming the award so long as it is not vacated or modified.[1] *Id.* § 9.

## A.  Clarified award

On remand from the Court, the arbitrator defined the term "non-First-Class" in the Clarified Award. He also awarded Dramatic $56,090 in supplemental attorney's fees and costs and directed the Estate to reimburse Dramatic for $9,375 in arbitration fees relating to the clarification. Dramatic moved to confirm the Clarified Award. To avoid any contention of waiver, the Estate reasserted arguments raised in its motion to vacate that the Court had already overruled in its June 2022 order. Because the Estate does not assert any new grounds to vacate the Clarified Award, the Court grants Dramatic's renewed motion to confirm.

## B.  Supplemental motion to confirm

Dramatic moves the Court to confirm a September 2, 2021 order (the "Agreed Order") by the arbitrator that required the Estate to include a statement about

---

[1] Courts disagree as to whether the one-year provision in section 9 is a mandatory statute of limitations or a permissive provision, and the Seventh Circuit has yet to address the issue. *See Kolowski v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 7 C 4964, 2008 WL 4372711, at *2 (N.D. Ill. Mar. 20, 2008) (collecting cases). Because Dramatic filed its motions to confirm within a year of the arbitrator's awards and orders, the Court need not decide that question in this case.

Dramatic's stage rights in any agreement arising from a separate arbitration. It also asked the Court to clarify that it is entitled to post-judgment interest on the Final Award and the Corrected Final Award from the date the arbitrator entered those awards to the date the awards were satisfied.

### 1. Stage rights

The Estate argues that Dramatic's motion is untimely because the Agreed Order is not mentioned in the interim or final awards. The order need not be part of either award to be ripe for confirmation. *Publicis Commc'n v. True North Commc'ns, Inc.*, 206 F.3d 725, 729 (7th Cir. 2000) ("[T]his circuit and others have found arbitration decisions lacking the "award" tag to be final . . . . A ruling on a discrete, time-sensitive issue may be final and ripe for confirmation even though other claims remain to be addressed by arbitrators."). The Agreed Order decided the discrete issue of whether the Estate must state in other arbitration agreements addressing stage rights that those agreements are subject to Dramatic's rights, and the risk of inconsistent rulings from different arbitrators without such a statement made the issue time-sensitive. The Estate neither challenges the substance of the Agreed Order nor provides any legal support for its arguments. The Court therefore confirms the Agreed Order, as it is ripe for confirmation and Dramatic filed its motion to confirm within a year.

### 2. Post-judgment interest

The Estate's contention that post-judgment interest accrues solely after entry of judgment by a court similarly lacks merit. It relies solely on *Contract Development Corp. v. Beck*, 255 Ill. App. 3d 660, 627 N.E.2d 760 (1994), in which the Illinois Appellate Court noted that the arbitrator "failed to indicate that interest would be assessed" and

held that "interest at the rate of 9% should have been mandatorily imposed from the date the judgment was entered confirming the arbitrator's award." *Id.* at 672–73, 627 N.E.2d at 769. Yet *Contract Development* did not address whether interest could accrue on an arbitration award before the court entered a judgment, and the Illinois Appellate Court and other courts in this district have since held that interest begins accruing on the date the arbitrator enters the award. *See, e.g.*, *Shackelford v. Allstate Fire and Casualty Ins. Co.*, 2017 IL 162607, ¶ 16, 170 N.E.3d 567, 571; *Prime United Inc. v. Sears Holdings Mgmt. Corp.*, No. 12 C 5364, 2013 WL 3754829, at *4 (N.D. Ill. July 16, 2013); *Robertson-Ceco Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 292 F. Supp. 2d 1082, 1086 (N.D. Ill. 2003). The Court therefore holds that Dramatic is entitled to nine percent post-judgment interest on the Final Award and the Corrected Final Award from the dates the arbitrator entered those awards.

## Conclusion

For the reasons stated above, the Court grants the petitioner's renewed motion to confirm the interim arbitration award as clarified by the arbitrator [dkt. no. 59] and its supplemental motion to confirm arbitration awards [dkt. no. 51]. The parties are directed to promptly confer regarding the form and language of a judgment for entry by the Court and are to provide an agreed form of judgment, or proposed alternatives if they cannot agree, by January 4, 2023. The proposed judgment should also calculate interest pursuant to the Court's ruling through January 5, 2023. With regard to attorney's fees and costs in connection with litigation before the Court, the Court foregoes compliance with Local Rule 54.3. Petitioner's fee petition is to be filed by no later than January 27, 2023, and respondents' response is to be filed by February 17,

2023.  The case is set for a telephonic status hearing on February 22, 2023 at 9:05

a.m., using call-in number 888-684-8852, access code 746-1053.

_____

MATTHEW F. KENNELLY

Date:  December 29, 2022                    United States District Judge