**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE DRAMATIC PUBLISHING COMPANY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No.: 1:21-CV-05541-MFK |
| THE ESTATE OF NELLE HARPER LEE, by and through its personal representative, TONJA CARTER, and HARPER LEE, LLC, | ) ) ) ) ) | |
| Respondents. | ) ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Respondents The Estate of Nelle Harper Lee, by and through its personal representative Tonja Carter, and Harper Lee, LLC appeal to the United States Court of Appeals for the Seventh Circuit from the final judgment entered by the Court on January 13, 2023 (Doc. 75), as well as the Court's previously non-final orders and memorandum opinions, including, but not limited to, the orders entered on June 17, 2022 (Doc. 42), September 23, 2022 (Doc. 57), and December 29, 2022 (Doc 72).

Respectfully submitted,

DATED: February 10, 2023

THE ESTATE OF NELLE HARPER LEE
AND HARPER LEE, LLC

By: /s/ *David G. Hymer*

David G. Hymer
dhymer@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Ave. North
Birmingham, AL 35203
(205) 521-8289

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically on February 10, 2023. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *David G. Hymer*
*Attorney for Respondents The Estate of Nelle Harper Lee and Harper Lee, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE DRAMATIC PUBLISHING COMPANY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No.: 1:21-CV-05541-MFK |
| v. | ) | |
| | ) | |
| TONJA CARTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**FINAL JUDGMENT ORDER**

This case was initiated by Petitioner Dramatic Publishing Company ("Dramatic") on October 19, 2021, following arbitration proceedings against Respondents The Estate of Nelle Harper Lee, by and through its personal representative Tonja Carter (the "Estate"), and Harper Lee, LLC ("LLC"). This case involved motions to confirm and cross-motions to vacate several awards entered in the arbitration proceedings.

In accordance with the Court's previous Memoranda and Orders, Judgment is hereby entered in favor of Petitioner Dramatic and against Respondents, and it is hereby **ORDERED AND ADJUDGED** as follows, and the Clerk is directed to enter judgment accordingly:

1.    The Corrected Final Award is **CONFIRMED** ([Doc. 35.1]);

2.    Pursuant to the Corrected Final Award, the Estate and LLC are joint and severally liable for $2,577,204.00 in attorneys' fees and costs. (The Estate and LLC already have satisfied this sum.) [1]

---

[1] On September 28, 2022, the Estate transferred to Dramatic $2,580,417.42, which represented the fees and costs in the Corrected Final Award plus the 9% interest that accrued after the Court confirmed that award. Pursuant to the Court's December 29, 2022 Order (Doc. 72), the Estate is

3.      Consistent with the Corrected Final Award, the Estate is **ORDERED** to pay Dramatic **$151,730.89 in interest;**

4.      The Estate and LLC are ORDERED to pay, jointly and severally, additional attorneys' fees and costs stemming from the remand of the arbitration totaling $56,090.00. (The Estate and LLC already have satisfied this sum.)

5.      The Court **CONFIRMS** the arbitrator's September 2, 2021 Agreed Order ([Doc.51, Exhibit A]), and declares:

   a.   The Estate will not enter into any settlement in the Peck Arbitration or with any of the parties in the Peck Arbitration (Case No. 01 15 0004 7377) involving live stage rights in the presence of an audience that conflicts in any way with any of Dramatic's rights under the 1969 Agreement as such rights are determined in this Arbitration (Case No. 01-19-0000-7463). Any settlement agreement entered into by the Estate in connection with the Peck Arbitration that addresses the issue of stage rights will include a statement that the agreement is subject to Dramatic's stage rights as such rights are determined in this Arbitration or in any appeal thereof.

   b.   In the event the Estate seeks a declaration in the Peck Arbitration regarding live stage rights in the presence of an audience it will make clear that any such declaration is subject to Dramatic's stage rights as determined in this Arbitration or in any appeal thereof. In the event the arbitrator in the Peck Arbitration is asked to resolve any issues relating to live stage rights, the Estate will inform the Peck Arbitration arbitrator of the existence of this Arbitration and will provide the Peck Arbitration arbitrator with a copy of all awards and judgments entered in connection with this Arbitration. In no event, will the Estate seek any relief in the Peck Arbitration that would infringe on any stage rights held by Dramatic as such rights are determined in this Arbitration or in any appeal thereof.

   c.   The Estate is hereby ordered to take all necessary steps to ensure that the judgment and order in Atticus Corp. et al v. Carter et al,  Case No. 22-cv-00059, currently pending in the United States District Court for the Southern District of Alabama are amended to reflect that the agreed order is subject to Dramatic's stage rights as set forth in this judgment or as modified in any appeal thereof.

---

required to pay 9% interest from the date on which the arbitrator entered his awards.  As a result, the Estate is ordered to pay the difference between its September 28, 2022 payment ($2,580,417.42) and the Corrected Final Award amount final award plus 9% interest from the date the award was entered and September 28, 2022 ($2,732,148.31).  That difference is **$151,730.89**

6.     The Court **CONFIRMS** the Corrected Interim Award, as clarified by the arbitrator

([Doc. 21, 59.1]), and declares:

a.  The terms of the original grant in the 1969 Agreement survive termination. Under the 1969 Agreement, Dramatic has worldwide exclusive rights to all non-first-class theater or stage rights in *To Kill a Mockingbird* ("non-first-class rights" as defined below) and has all rights under the Agreement that provide for Dramatic to enjoy the full exercise of all non-first-class theater or stage rights.

b.  Dramatic has not infringed the federal copyright protecting *To Kill a Mockingbird.*

c.  Dramatic may continue to license both versions of *To Kill a Mockingbird*.

d.  The Estate and the LLC shall pay to Dramatic any and all future royalties or other payments they receive from Rudinplay Affiliates or any other person or entity from any non-first-class productions of *To Kill a Mockingbird*.

e.  The Estate and the LLC shall be enjoined from (i) licensing or granting any third party, including, but not limited to, Scott Rudin ("Rudin") and Rudinplay, Inc., Atticus LLC, any other entity owned, controlled or operated by Scott Rudin, and any entity assigned or licensed rights from Rudinplay (collectively referred to herein as "Rudinplay Affiliates"), any non-first-class stage rights in *To Kill a Mockingbird;* (ii) encouraging, inducing, assisting, approving, or consenting to any wrongful interference with Dramatic's licensees anywhere in the world by Rudin or Rudinplay Affiliates; (iii) encouraging, inducing, assisting, approving or consenting to Rudin's or Rudinplay Affiliates' wrongful licensing of Rudinplay's version of *To Kill a Mockingbird* for any non-first-class production throughout the world; (iv) directly interfering with Dramatic's licensees' licensed non-first-class productions of either version of the Sergel Play; and (v) otherwise interfering with Dramatic's rights to license non-first-class and amateur productions of either version of the Sergel Play.

f.  The term "first-class rights" is comprised of the theatrical or stage rights for the following categories of dramatic productions of *To Kill a Mockingbird*:

i.  **Broadway Productions**.
    (a) Broadway Productions are For-Profit Commercial Productions (as defined in section i (b), below) that take place in venues of 500 or more seats located in Manhattan, New York City ("Broadway Theaters"). The production must be governed by the Actors Equity "Production Agreement" or an analogous agreement whose substantive terms and pay scale are substantially the same as the Actors Equity Production Agreement.

3

(b) "For-Profit Commercial Productions" consist only of productions that are wholly financed by for-profit entities whose purpose is to provide their investors with a positive return on their investment. The fact that a production may engage for-profit enterprises as part of their production (*e.g.*, a for-profit tour promoter) or otherwise rely on entities that operate for profit, shall not, by itself, render it a "For-Profit Commercial Production."

(c) At present the following Broadway Theatres whose productions constitute "Broadway Productions" are:

Ambassador, 215 West 49th Street;
American Airlines, 227 West 42nd Street;
Brooks Atkinson, 256 West 47th Street;
Ethel Barrymore, 243 West 47th Street;
Vivian Beaumont,150 West 65th Street;
Belasco,111 West 44th Street; Booth, 222 West 45th Street;
Broadhurst, 235 West 44th Street;
Broadway,1681 Broadway;
Circle in the Square,1633 Broadway;
Cort,138 West 48th Street;
Samuel J. Friedman,261 West 47th Street;
Gershwin,1633 Broadway;
John Golden, 252 West 45th Street;
Helen Hayes, 240 West 44th Street;
Al Hirschfeld, 302 West 45th Street;
Hudson, 139-141 West 44th Street;
Imperial, 249 West 45th Street;
Bernard B. Jacobs, 242 West 45th Street;
Walter Kerr, 219 West 48th Street;
Longacre, 220 West 48th Street;
Lunt-Fontanne, 205 West 46th Street;
Lyceum,149 West 45th Street;
Lyric, 213 West 42nd Street;
Majestic, 245 West 44th Street;
Marquis,1535 Broadway;
Minskoff, 200 West 45th Street;
Music Box, 239 West 45th Street;
Nederlander,208 West 41st Street;
New Amsterdam, 214 West 42nd Street;
Eugene O'Neill, 230 West 49th Street;
Palace,1564 Broadway;
Richard Rodgers,226 West 46th Street;
St. James,246 West 44th Street;
Gerald Schoenfeld, 236 West 45th Street;
Shubert,225 West 44th Street;

4

Neil Simon, 250 West 52nd Street;
Stephen Sondheim,124 W. 43rd Street;
Studio54, 254 West 54th Street;
August Wilson, 245 West 52nd Street;
Winter Garden,1634 Broadway.

(d) The theaters listed above are presumed to be the only Broadway Theaters as of the date of this clarification. However, because the 1969 Agreement could remain in force for a significant amount of time into the future, and new Broadway theaters might be opened or existing theaters might be closed or repurposed into a different type of venue, more flexibility is required. While the theaters listed above are presumed in this clarification to be the only theaters housing Broadway Productions, that presumption is rebuttable. A venue that in the future meets the criteria for a Broadway Production stated herein shall be treated as a Broadway Production. Likewise, a venue that in the future no longer meets the criteria stated herein will no longer be treated as a Broadway Production.

ii. **For-Profit Commercial Productions outside New York City**.

(a) "For-Profit Commercial Productions outside New York City" as used in this clarification are tours and sit-downs ("sit-downs" are non-touring production) outside of New York City that take place in venues of 500 or more seats and are For-Profit Commercial Productions as defined in section i.(b), above. The production must be governed by the Actors Equity Production Agreement or an analogous agreement whose substantive terms and pay scale are substantially the same as the Actors Equity Production Agreement.

(b) By way of example, the Dorothy Chandler Pavilion in Los Angeles and the Kennedy Center in Washington D.C. were identified in testimony as theaters having first-class productions that would meet the criteria for this category. The reference to these two theaters is for purposes of illustration only and is not intended as an exhaustive list of theaters that now, or in the future, may qualify as For-Profit Commercial Productions.

iii. **Off-Broadway Productions**.

(a) Off-Broadway productions do not meet the criteria of a Broadway Production because they take place in venues of 100 to 499 seats. Thus, they do not come within the category of "first class" productions. Under the Interim Award, Off-Broadway Productions, in general, fall into the middle-tier category of "stock rights." As such, they are non-first-class rights.

5

(b) However, "first-class rights" are clarified to encompass Off-Broadway Productions that are For-Profit Commercial Productions (as defined in section i.(b), above) with an open-ended run and which are governed by an Equity Off Broadway contract or an Equity Production contract. Off-Broadway productions that do not meet these criteria are non-first-class productions. For avoidance of doubt, Off-Off-Broadway productions (productions in theaters in New York City having less than 100 seats) are non-first-class productions.

iv. **West End Productions**.

(a) Like Broadway Productions, "West End" productions are uniformly considered first-class. West End Theaters are theaters that present For-Profit Commercial Productions (as defined in section i.(b), above) that take place in or near the West End area of London. The production must be governed by British Equity's contract for West End theater productions or an analogous agreement whose substantive terms and pay scale are substantially the same as British Equity's Agreement for Commercial For-Profit West End Theaters.

(b) At present, the following West End Theaters whose productions constitute "West End Productions" are:

> Adelphi;
> Aldwych;
> Ambassadors (New Ambassadors);
> Apollo;
> Apollo Victoria;
> Cambridge;
> Coliseum;
> Comedy Covent Garden;
> Criterion; Drury Lane;
> Duchess;
> Duke of York's;
> Fortune;
> Garrick;
> Gielgud;
> Haymarket;
> Her Majesty's;
> London Palladium;
> Lyric;
> Mayfair;
> New London;
> Noel Coward;
> Novello Palace;
> Phoenix;
> Piccadilly;

6

Playhouse;
Prince Edward;
Prince of Wales;
Queen's;
St Martin's;
Savoy;
Shaftesbury;
Trafalgar Studio 1;
Vaudeville;
Victoria Palace;
Westminster;
Wyndham's.

v. **Commercial For-Profit Tours in the United Kingdom**. Commercial For-Profit Tours in the U.K., either emanating from or travelling to a West End Theater, that operate under British Equity's contract for West End theater productions or an analogous agreement whose substantive terms and pay scale are substantially the same as British Equity's Agreement for Commercial For-Profit West End Theaters, are first-class productions. To qualify as a "Commercial For-Profit Tour in the U.K.," the tour must be a For-Profit Commercial Production (as defined in section i.(b), above).

vi. **Commercial For-Profit Tours or Productions outside the U.S. or U.K**. In any countries other than the United States or United Kingdom, Commercial For-Profit Tours or Productions are tours or productions that operate under a contract with the country's professional theatrical acting union (*e.g.* Canadian Actors' Equity Association) whose pay scale reflects the highest-level pay for any theatrical acting union in that country, or an analogous agreement whose substantive terms and pay scale are substantially the same as such a union contract, are first-class productions. To qualify as a "Commercial For-Profit Tour outside the U.S. or U.K.," the tour must be a For-Profit Commercial Production (as defined in section i.(b), above).

vii. **Non-First-Class Theaters and Productions**. Any theater or production that does not meet the criteria to qualify for one of the categories in sections 1 through 6, above, is not a first-class theater or production. For avoidance of doubt, the following are presumed to be non-first-class productions and theaters:

  (a) Any production at the Stratford Festival in Canada, the Regent's Park Open Air Theatre in London, the League of Resident Theaters (LORT), regional professional theaters, COST theaters, and CORST theaters.

7

(b) Any production operating under any of the following Actors Equity Association contracts:

> Bay Area Project Policy (BAPP);
> Bay Area Theatre;
> Business Theatre and Events;
> Business Theatre & Events Memorandum of Understanding;
> Cabaret;
> Casino;
> Chicago Area Theatre;
> Development;
> Dinner Theatre;
> Disney World;
> Guest Artist;
> Hollywood Area Theatre;
> Letters of Agreement;
> LA 50-Seat Showcase;
> LA 99-Seat Theatre;
> LA Self-Produced Project;
> Midsize Theatres;
> Mini Agreement;
> Musical Stock and Unit Attractions (MSUA);
> New England Area Theatres Agreement (NEAT);
> New Orleans (NOLA);
> NY Showcase;
> Orlando Area Theatre (OAT);
> Off Broadway, except as provided in Section 3;
> Outdoor Drama;
> Short Engagement Touring Agreement (SETA);
> Small Professional Theatre (SPT);
> Special Agreement; Special Appearance;
> Staged Reading Code;
> Theatre for Young Audiences (TYA);
> Transition;
> University/Resident Theatres Association (URTA);
> Western Civic Light Opera (WCLO).

(c) While the theaters listed in subsection vii.(b), above, are presumed in this clarification to be the non-first-class theaters and productions, that presumption is rebuttable. If in the future a theater or production identified in this section meets the criteria for being a first-class production as set forth in any of the sections i through vi, above, that production shall be treated as a first-class production.

g. The Estate Shall:
   i. defend, indemnify and hold harmless Dramatic from and against any and all monetary losses or other losses whatsoever, including attorneys' fees,

8

caused by any legal or administrative action brought against Dramatic by any of the following Dramatic licensees: (i) Jonathan Church Productions, (ii) any other licensee theater that had scheduled a production of the Play on the ChurchTour; (iii) Arena Fair Theater at Chappelear Theater, Ohio Wesleyan University; (iv) DeSoto Family Theater performing at Landers Theater Center; (v) Hill Country at Bud El.; (vi) Hart Theater in Hillsboro, Oregon; (vii) Curtain Call; (viii) Azusa Pacific University; and, (ix) any other purely amateur theater that was consented to by Mr. O'Donnell that cancelled a production of TKAM after receiving a cease and desist letter from Rudin or the Estate;

ii. defend, indemnify and hold harmless Dramatic from or against any and all losses arising from any legal or administrative action brought against Dramatic by Scott Rudin, Aaron Sorkin, Rudinplay, Rudinplay Affiliates, or Atticus, LLC, or any of their licensees or assignees, or anyone on their behalf connected in any way with Dramatic's exercise of its exclusive worldwide rights to license all non-first-class rights in the Sergel Play;

iii. defend, indemnify and hold harmless Dramatic from or against any and all losses arising from any legal or administrative action brought against Dramatic by any third party as a result of the transfer of any non-first-class rights by the Estate or LLC.

h. The Estate and the LLC shall account for and shall turn over to Dramatic any payments or royalties received by the Estate or the LLC for any non-first-class rights from Scott Rudin, Rudinplay, any other Rudinplay Affiliate, Aaron Sorkin, or any other secondary theatrical publishing and licensing house.

7. Consistent with the Corrected Interim Award, the Estate is ORDERED to pay Dramatic $185,277 plus 9 percent interest for a total of $205,740.96. (The Estate already has satisfied this sum.);

8. Pursuant to the Court's order of June 17, 2022 (Doc. No. 42), the Estate and LLC are ORDERED to pay, jointly or severally, Dramatic's attorneys fees and costs in an amount to be determined by the Court.

DONE this 13th day of January., 2023.

9

MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

APPEAL,COX,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.6.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:21-cv-05541
## Internal Use Only

The Dramatic Publishing Company v. Carter et al
Assigned to: Honorable Matthew F. Kennelly
Demand: $75,000
Cause: 09:1 U.S. Arbitration Act

Date Filed: 10/19/2021
Date Terminated: 10/20/2021
Jury Demand: None
Nature of Suit: 896 Other Statutes:
Arbitration
Jurisdiction: Federal Question

**Plaintiff**

**The Dramatic Publishing Company**

represented by **Kevin Tottis**
TottisLaw
401 N. Michigan Avenue
Suite 530
Chicago, IL 60611
312-527-1400
Email: ktottis@tottislaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keith M. Stolte**
TottisLaw
401 N. Michigan Avenue
Suite 530
Chicago, IL 60611
312-527-1400
Email: kstolte@tottislaw.com
*ATTORNEY TO BE NOTICED*

**Max A Stein**
TottisLaw
401 N. Michigan Ave.
Suite 530
Chicago, IL 60611
312-527-1448
Email: mstein@tottislaw.com
*ATTORNEY TO BE NOTICED*

**Monica L. Thompson**
TottisLaw
401 N. Michigan Avenue
Suite 530
Chicago, IL 60611
312-527-1400
Email: mthompson@tottislaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Tonja Carter** | represented by | **Andrew Sean Murphy** |
| *by and through its personal representative* | | Taft Stettinius & Hollister |
| *estate of* | | 111 E. Wacker Dr. |
| Nelle Harper Lee | | Suite 2800 |
| | | Chicago, IL 60601 |
| | | 3128364145 |
| | | Email: amurphy@taftlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**J. Timothy Eaton**
Taft Stettinius & Hollister LLP
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 527-4000
Email: teaton@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Harper Lee, LLC** | represented by | **Andrew Sean Murphy** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**J. Timothy Eaton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Glenn Hymer**
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35205
(205) 521-8289
Email: dhymer@bradley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/19/2021 | 1 | MISCELLANEOUS CASE by The Dramatic Publishing Company Motion to Confirm Arbitration Award Filing fee $ 49, receipt number 0752-18782992. (Tottis, Kevin) (Entered: 10/19/2021) |
| 10/19/2021 | 2 | CIVIL Cover Sheet (Tottis, Kevin) (Entered: 10/19/2021) |

| | | |
|---|---|---|
| 10/19/2021 | 3 | ATTORNEY Appearance for Plaintiff The Dramatic Publishing Company by Kevin Tottis (Tottis, Kevin) (Entered: 10/19/2021) |
| 10/19/2021 | 4 | ATTORNEY Appearance for Plaintiff The Dramatic Publishing Company by Keith M. Stolte (Stolte, Keith) (Entered: 10/19/2021) |
| 10/19/2021 | 5 | ATTORNEY Appearance for Plaintiff The Dramatic Publishing Company by Monica L. Thompson (Thompson, Monica) (Entered: 10/19/2021) |
| 10/19/2021 | 6 | MOTION by Plaintiff The Dramatic Publishing Company to seal document *Arbitration Award* (Tottis, Kevin) (Entered: 10/19/2021) |
| 10/19/2021 | 7 | EXHIBIT A by Plaintiff The Dramatic Publishing Company *Arbitration Award* (Tottis, Kevin) Modified on 12/29/2021 (rc, ). (Entered: 10/19/2021) |
| 10/19/2021 | | CASE ASSIGNED to the Honorable Matthew F. Kennelly. Designated as Magistrate Judge the Honorable Susan E. Cox. Case assignment: Random assignment. (mxo, ) (Entered: 10/19/2021) |
| 10/19/2021 | 8 | MINUTE entry before the Honorable Matthew F. Kennelly: Petitioner's motion for leave to seal the arbitration award 6 does not offer a sufficient basis for sealing the award. Any further submission by any party in support of filing the award under seal is to be filed by no later than 10/29/2021 and must identify with particularity any specific portions of the award that the filer contends should be under seal and the basis for the contention. Any response or objection must be filed by no later than 11/5/2021. Telephonic hearing on motion is set for 11/12/2021 at 8:50 AM, using call-in number 888-684-8852, access code 746-1053. The Court reserves the right to vacate the hearing if it determines a hearing is not needed. Petitioner's counsel is directed to immediately provide a copy of this order to respondent's counsel and is to verify on the record that counsel has done so. (mk) (Entered: 10/19/2021) |
| 10/20/2021 | 9 | Notice of Compliance by The Dramatic Publishing Company (Tottis, Kevin) (Linked document displays incorrect case number) Modified on 10/21/2021 (bg, ). (Entered: 10/20/2021) |
| 10/20/2021 | | ***Civil Case Terminated. (cp, ) (Entered: 10/20/2021) |
| 11/11/2021 | 10 | MOTION by Plaintiff The Dramatic Publishing Company Confirm Arbitration Award (Tottis, Kevin) (Entered: 11/11/2021) |
| 11/12/2021 | 11 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic motion hearing held on 11/12/2021. Plaintiff's motion to seal 6 is granted temporarily pending appearance by respondents in the case. A telephonic status hearing is set for 12/22/2021 at 9:10 a.m. The following call-in number will be used for the hearing: 888-684-8852, conference code 746-1053. A status report regarding the status of service is to be filed by 12/20/2021. Mailed notice. (mma, ) (Entered: 11/12/2021) |
| 11/18/2021 | 12 | ATTORNEY Appearance for Defendants Tonja Carter, Harper Lee, LLC by J. Timothy Eaton (Eaton, J.) (Entered: 11/18/2021) |
| 11/18/2021 | 13 | ATTORNEY Appearance for Defendants Tonja Carter, Harper Lee, LLC by Andrew Sean Murphy (Murphy, Andrew) (Entered: 11/18/2021) |
| 11/29/2021 | 14 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18913362. (Hymer, David) (Entered: 11/29/2021) |
| 11/30/2021 | 15 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion of David G. Hymer to appear pro hac vice 14 is granted. (mk) (Entered: 11/30/2021) |

| | | |
|---|---|---|
| 12/01/2021 | 16 | NOTICE by Tonja Carter, Harper Lee, LLC *Notice of Respondents' Intent to File Cross-Motion to Vacate Arbitration Award* (Eaton, J.) (Entered: 12/01/2021) |
| 12/10/2021 | 17 | REPLY by The Dramatic Publishing Company to MOTION by Plaintiff The Dramatic Publishing Company Confirm Arbitration Award 10 (Tottis, Kevin) (Entered: 12/10/2021) |
| 12/15/2021 | 18 | RESPONSE by Defendants Tonja Carter, Harper Lee, LLC to reply to response to motion 17 (Eaton, J.) (Entered: 12/15/2021) |
| 12/20/2021 | 19 | STATUS Report by The Dramatic Publishing Company (Tottis, Kevin) (Entered: 12/20/2021) |
| 12/22/2021 | 20 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 12/22/2021. The Clerk is directed to unseal document 7 . Combined response to the motion to confirm and motion to vacate to is to be filed by 1/18/2022. The combined response and motion to vacate may be up to 30 pages. A combined response/reply by the petitioner is due 2/8/2022. Reply on the motion to vacate is due 3/1/2022. A telephonic status hearing is set for 1/25/2022 at 9:30 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 12/22/2021) |
| 01/10/2022 | 21 | NOTICE by The Dramatic Publishing Company re MOTION by Plaintiff The Dramatic Publishing Company Confirm Arbitration Award 10 *Notice of Filing Interim Arbitration Award as Modified* (Tottis, Kevin) (Entered: 01/10/2022) |
| 01/14/2022 | 22 | MOTION by Defendants Tonja Carter, Harper Lee, LLC to vacate *Respondents' Motion to Vacate Corrected Interim Award of Arbitration and Response in Opposition to Petitioner's Motion to Confirm Corrected Interim Award* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O)(Eaton, J.) (Entered: 01/14/2022) |
| 01/14/2022 | 23 | MOTION by Defendants Tonja Carter, Harper Lee, LLC to vacate *Respondents' (Corrected) Motion to Vacate Corrected Interim Award of Arbitration and Response in Opposition to Petitioner's Motion to Confirm Corrected Interim Award* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O)(Eaton, J.) (Entered: 01/14/2022) |
| 01/18/2022 | 24 | *Notice of Motion to Vacate, Modify or Correct Initial and Interim Arbitration Awards* NOTICE of Motion by Kevin Tottis for presentment of (Tottis, Kevin) (Entered: 01/18/2022) |
| 01/25/2022 | 25 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 1/25/2022. The due date for the petitioners' combined reply/response is extended to 2/16/2022. The due date for the respondent's reply brief is extended to 3/9/2022. The reply brief may be up to 30 pages. Mailed notice. (mma, ) (Entered: 01/25/2022) |
| 02/16/2022 | 26 | RESPONSE by The Dramatic Publishing Company in Opposition to MOTION by Plaintiff The Dramatic Publishing Company Confirm Arbitration Award 10 , MOTION by Defendants Tonja Carter, Harper Lee, LLC to vacate *Respondents' Motion to Vacate Corrected Interim Award of Arbitration and Response in Opposition to Petitioner's Motion to Confirm Corrected Interim Award* 22 , MOTION by Defendants Tonja Carter, Harper Lee, LLC to vacate *Respondents'* |

| | | |
|---|---|---|
| | | *(Corrected) Motion to Vacate Corrected Interim Award of Arbitration and Response in Opposition to Petitioner's Motion to Confirm Corrected Interim Award* 23 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Tottis, Kevin) (Entered: 02/16/2022) |
| 02/16/2022 | 27 | SEALED DOCUMENT by Plaintiff The Dramatic Publishing Company *Exhibit M to Response to Motion to Vacate* (Tottis, Kevin) (Entered: 02/16/2022) |
| 02/16/2022 | 28 | MOTION by Plaintiff The Dramatic Publishing Company to seal document sealed document 27 *Motion to Seal Exhibit M to Motion to Vacate* (Tottis, Kevin) (Entered: 02/16/2022) |
| 02/17/2022 | 29 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion to file Exhibit M under seal 28 is granted, but this is conditioned on plaintiff promptly filing under seal a complete version of its response that includes Exhibit M. The current version, filed in the public record, includes only a place-holder for that exhibit. (mk) (Entered: 02/17/2022) |
| 02/17/2022 | 30 | SEALED RESPONSE by The Dramatic Publishing Company to order on motion to seal document,, terminate motions, 29 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Tottis, Kevin) (Entered: 02/17/2022) |
| 02/18/2022 | 31 | NOTICE by The Dramatic Publishing Company *Notice of Filing* (Tottis, Kevin) (Entered: 02/18/2022) |
| 02/18/2022 | 32 | RESPONSE by The Dramatic Publishing Company in Opposition to MOTION by Plaintiff The Dramatic Publishing Company Confirm Arbitration Award 10 , MOTION by Defendants Tonja Carter, Harper Lee, LLC to vacate *Respondents' Motion to Vacate Corrected Interim Award of Arbitration and Response in Opposition to Petitioner's Motion to Confirm Corrected Interim Award* 22 , MOTION by Defendants Tonja Carter, Harper Lee, LLC to vacate *Respondents' (Corrected) Motion to Vacate Corrected Interim Award of Arbitration and Response in Opposition to Petitioner's Motion to Confirm Corrected Interim Award* 23 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Tottis, Kevin) (Entered: 02/18/2022) |
| 02/21/2022 | 33 | MOTION by Defendants Tonja Carter, Harper Lee, LLC for extension of time *Agreed Motion to Extend Briefing Schedule* (Eaton, J.) (Entered: 02/21/2022) |
| 02/22/2022 | 34 | MINUTE entry before the Honorable Matthew F. Kennelly: Agreed motion to extend briefing schedule 33 is granted; the deadline for respondents' reply in support of their motion to vacate is extended to 3/21/2022. (mk) (Entered: 02/22/2022) |
| 02/28/2022 | 35 | MOTION by Plaintiff The Dramatic Publishing Company to Confirm Final Arbitration Award (Attachments: # 1 Exhibit Attachment)(Tottis, Kevin) (Entered: 02/28/2022) |
| 02/28/2022 | 36 | SEALED DOCUMENT by Plaintiff The Dramatic Publishing Company *Final Award of Arbitrator* (Tottis, Kevin) (Entered: 02/28/2022) |

| 02/28/2022 | 37 | MOTION by Plaintiff The Dramatic Publishing Company to seal document sealed document 36 *Motion to File Final Award of Arbitrator Under Seal* (Tottis, Kevin) (Entered: 02/28/2022) |
|---|---|---|
| 03/01/2022 | 38 | MINUTE entry before the Honorable Matthew F. Kennelly: The case is set for a telephonic status hearing on 3/3/2022 at 8:40 AM. The Court needs to discuss with counsel how the motion to confirm the final arbitration award, filed yesterday, fits in with the matters already being briefed and whether an alteration of the current briefing schedule and setup is warranted. The motion to seal the final arbitration award 37 is granted given the limited redaction (one sentence) and its subject matter. (mk) (Entered: 03/01/2022) |
| 03/02/2022 | 39 | MINUTE entry before the Honorable Matthew F. Kennelly: This case is set for a telephonic status hearing on 3/2/2022 at 8:40 a.m. The following call-in number will be used for the hearing: 888-684-8852; access code 746-1053. Mailed notice. (mma, ) (Entered: 03/02/2022) |
| 03/03/2022 | 40 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 3/3/2022. Briefing on the motion to confirm the final award of the arbitrators 35 is stayed pending ruling on the other matters being briefed. Mailed notice. (mma, ) (Entered: 03/03/2022) |
| 03/21/2022 | 41 | REPLY by Defendants Tonja Carter, Harper Lee, LLC to motion to vacate,, 23 *Respondents' Reply in Support of Motion to Vacate Corrected Interim Award of Arbitration and Response in Opposition to Petitioner's Motion to Modify or Vacate Interim Award* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Eaton, J.) (Entered: 03/21/2022) |
| 06/17/2022 | 42 | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 6/17/2022: For the reasons stated in the accompanying Memorandum Opinion and Order, the Court denies the respondents' motion to vacate the interim award of arbitration [dkt. no. 22] but remands the case to the arbitrator for clarification of the term "non-first-class rights" as discussed within this opinion. The petitioner's motion to confirm [dkt. no. 10] is terminated without prejudice to renewal following the arbitrator's decision on remand. A joint status report is to be filed on July 1, 2022, and the case is set for a telephonic status hearing on July 6, 2022 at 9:15 a.m., using call-in number 888-684-8852, access code 746-1053. (mk) (Entered: 06/17/2022) |
| 06/22/2022 | 43 | MINUTE entry before the Honorable Matthew F. Kennelly: At the request of the parties, the telephonic status hearing set for 7/6/2022 is vacated and reset to 7/14/2022 at 9:15 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 06/22/2022) |
| 07/01/2022 | 44 | STATUS Report by The Dramatic Publishing Company (Attachments: # 1 Exhibit A)(Thompson, Monica) (Entered: 07/01/2022) |
| 07/14/2022 | 45 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 7/14/2022 and continued to 8/3/2022 at 9:10 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court |

| | | |
|---|---|---|
| | | proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 07/14/2022) |
| 07/26/2022 | 46 | NOTICE by Kevin Tottis of Change of Address (Tottis, Kevin) (Entered: 07/26/2022) |
| 07/26/2022 | 47 | NOTICE by Monica L. Thompson of Change of Address (Thompson, Monica) (Entered: 07/26/2022) |
| 07/26/2022 | 48 | NOTICE by Keith M. Stolte of Change of Address (Stolte, Keith) (Entered: 07/26/2022) |
| 08/03/2022 | 49 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 8/3/2022. Respondent's brief in opposition to the petition to confirm the fee award is due on 9/1/2022 and the reply is due 9/22/2022. A telephonic status hearing is set for 9/26/2022 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852, conference code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 08/03/2022) |
| 09/01/2022 | 50 | RESPONSE by Tonja Carter, Harper Lee, LLCin Opposition to MOTION by Plaintiff The Dramatic Publishing Company to Confirm Final Arbitration Award 35 (Attachments: # 1 Exhibit 1)(Murphy, Andrew) (Entered: 09/01/2022) |
| 09/01/2022 | 51 | MOTION by Plaintiff The Dramatic Publishing Company Supplemental Motion to Confirm Arbitration Awards (Tottis, Kevin) (Entered: 09/01/2022) |
| 09/02/2022 | 52 | MINUTE entry before the Honorable Matthew F. Kennelly: The case is set for a telephonic status hearing on 9/7/2022 at 9:15 AM, using call-in number 888-684-8852, access code 746-1053. The Court needs an explanation for how the motion filed by petitioner on 9/1/2022 fits in with the other matter(s) pending before the Court. (mk) (Entered: 09/02/2022) |
| 09/07/2022 | 53 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 9/7/2022. Respondents have until 9/21/2022 to respond to supplemental motion to confirm 51 . Petitioner has until 10/5/2022 to file a reply. Mailed notice. (mma, ) (Entered: 09/07/2022) |
| 09/12/2022 | 54 | TRANSCRIPT OF PROCEEDINGS held on 08/03/22 before the Honorable Matthew F. Kennelly. Court Reporter Contact Information: Jennifer Costales, CRR, RMR, CRC jenny.uscra@yahoo.com (312)435-5895.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 10/3/2022. Redacted Transcript Deadline set for 10/13/2022. Release of Transcript Restriction set for 12/12/2022. (Costales, Jennifer) (Entered: 09/12/2022) |
| 09/21/2022 | 55 | RESPONSE by Tonja Carter, Harper Lee, LLCin Opposition to MOTION by Plaintiff The Dramatic Publishing Company Supplemental Motion to Confirm Arbitration Awards 51 (Eaton, J.) (Entered: 09/21/2022) |
| 09/22/2022 | 56 | REPLY by The Dramatic Publishing Company to response in opposition to motion 50 *Reply in Support of its Motion to Confirm Final Arbitration Award* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Tottis, Kevin) (Entered: 09/22/2022) |
| 09/23/2022 | 57 | ORDER ON MOTION TO CONFIRM FINAL AWARD, signed by the Honorable Matthew F. Kennelly on 9/23/2022: For the reasons stated in the accompanying order, the Court grants Dramatic's motion to confirm [dkt. no. 35] and hereby confirms the arbitrator's award of attorney's fees and costs in favor of Dramatic and against respondents The Estate of Nelle Harper Lee and Harper Lee, LLC in the amount of $2,577,204. This, however, does not dispose of the entire case. What remains before the Court are the following tasks: (1) review of the arbitrator's anticipated decision on remand; (2) potentially, review of a supplemental award of fees and costs by the arbitrator; (3) consideration of Dramatic's "supplemental motion to confirm arbitration award" [dkt. no. 51], which as the Court understands it concerns confirmation of an agreed order entered by the arbitrator on September 2, 2021 and Dramatic's request for prejudgment interest on the award of damages; and (4) determination of the appropriate award of attorney's fees and costs in connection with proceedings before this Court. The telephonic status hearing set for September 26, 2022 is vacated. The parties are directed to file a joint status report, which should include a statement regarding the status of the remand proceedings before the arbitrator, on October 19, 2022. A telephonic status hearing is set for October 26, 2022 at 8:50 a.m., using call-in number 888-684-8852, access code 746-1053. The Court reserves the right to vacate the status hearing if it determines a hearing is not necessary. (mk) (Entered: 09/23/2022) |
| 10/05/2022 | 58 | REPLY by Plaintiff The Dramatic Publishing Company to response in opposition to motion 55 , motion for miscellaneous relief 51 *Dramatic's Reply in Support of Its Supplemental Motion to Confirm Arbitration Award* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Tottis, Kevin) (Entered: 10/05/2022) |
| 10/11/2022 | 59 | MOTION by Plaintiff The Dramatic Publishing Company Renewed Motion to Confirm Modified Interim Award as Clarified by the Arbitrator (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Tottis, Kevin) (Entered: 10/11/2022) |
| 10/19/2022 | 60 | TRANSCRIPT OF PROCEEDINGS held on March 3, 2022 before the Honorable Matthew F. Kennelly. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/9/2022. Redacted Transcript Deadline set for 11/21/2022. Release of Transcript Restriction set for 1/17/2023. (Cox, Carolyn) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/19/2022) |
| 10/19/2022 | 🔓 | 61 | TRANSCRIPT OF PROCEEDINGS held on September 7, 2022 before the Honorable Matthew F. Kennelly. Order Number: 44073. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/9/2022. Redacted Transcript Deadline set for 11/21/2022. Release of Transcript Restriction set for 1/17/2023. (Cox, Carolyn) (Entered: 10/19/2022) |
| 10/19/2022 | | 62 | STATUS Report *Joint* by Tonja Carter, Harper Lee, LLC (Eaton, J.) (Entered: 10/19/2022) |
| 10/26/2022 | | 63 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 10/26/2022. Respondent's combined response to the motion to confirm the award and any motion to vacate is due 11/23/2022. The petitioner's combined reply and response is due 12/21/2022. Reply on the motion to vacate or modify, if one is filed, is due 1/11/2023. A telephonic status hearing is set for 1/18/2023 at 8:50 a.m. The following call-in number will be used for the hearing: 888-684-8852; access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 10/26/2022) |
| 11/23/2022 | | 64 | RESPONSE by Tonja Carter, Harper Lee, LLC to MOTION by Plaintiff The Dramatic Publishing Company Renewed Motion to Confirm Modified Interim Award as Clarified by the Arbitrator 59 (Eaton, J.) (Entered: 11/23/2022) |
| 11/29/2022 | | 65 | REPLY by The Dramatic Publishing Company to response to motion 64 *Reply In Support of Renewed Motion to Confirm Interim Arbitration Award as Clarified by the Arbitrator* (Tottis, Kevin) (Entered: 11/29/2022) |
| 12/08/2022 | | 66 | MOTION by Plaintiff The Dramatic Publishing Company Motion to Accelerate Entry of Judgment to Confirm Interim Arbitration Award as Clarified by the Arbitrator (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Tottis, Kevin) (Entered: 12/08/2022) |
| 12/09/2022 | | 67 | MINUTE entry before the Honorable Matthew F. Kennelly: The motion to accelerate entry of judgment 66 is set for a telephonic hearing on 12/15/2022 at 8:30 AM, using call-in number 888-684-8852, access code 746-1053. Both sides are to be prepared to address the motion at that time <u>and</u> to attempt to describe in a simple and straightforward way exactly what is before the Court at this point and the status of each such matter. (This is not done in the motion to accelerate, in the Court's view). (mk) (Entered: 12/09/2022) |
| 12/12/2022 | | 68 | ATTORNEY Appearance for Plaintiff The Dramatic Publishing Company by Max A Stein (Stein, Max) (Entered: 12/12/2022) |

| 12/13/2022 | [69](#) | RESPONSE by Tonja Carter, Harper Lee, LLC to MOTION by Plaintiff The Dramatic Publishing Company Motion to Accelerate Entry of Judgment to Confirm Interim Arbitration Award as Clarified by the Arbitrator [66](#) (Eaton, J.) (Entered: 12/13/2022) |
| --- | --- | --- |
| 12/13/2022 | [70](#) | RESPONSE by Tonja Carter, Harper Lee, LLC to MOTION by Plaintiff The Dramatic Publishing Company Motion to Accelerate Entry of Judgment to Confirm Interim Arbitration Award as Clarified by the Arbitrator [66](#) *Amended* (Eaton, J.) (Entered: 12/13/2022) |
| 12/15/2022 | [71](#) | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic motion hearing held on 12/15/2022. Plaintiff's motion to Accelerate Entry of Judgment to Confirm Interim Arbitration Award as Clarified by the Arbitrator [66](#) is terminated as moot as to the reasons stated on the record. Mailed notice. (mma, ) (Entered: 12/15/2022) |
| 12/29/2022 | [72](#) | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 12/29/2022: For the reasons stated in the accompanying Memorandum Opinion and Order, the Court grants the petitioner's renewed motion to confirm the interim arbitration award as clarified by the arbitrator [dkt. no. 59] and its supplemental motion to confirm arbitration awards [dkt. no. 51]. The parties are directed to promptly confer regarding the form and language of a judgment for entry by the Court and are to provide an agreed form of judgment, or proposed alternatives if they cannot agree, by January 4, 2023. The proposed judgment should also calculate interest pursuant to the Court's ruling through January 5, 2023. With regard to attorney's fees and costs in connection with litigation before the Court, the Court foregoes compliance with Local Rule 54.3. Petitioner's fee petition is to be filed by no later than January 27, 2023, and respondents' response is to be filed by February 17, 2023. The case is set for a telephonic status hearing on February 22, 2023 at 9:05 a.m., using call-in number 888-684-8852, access code 746-1053. (mk) (Entered: 12/29/2022) |
| 01/04/2023 | [73](#) | NOTICE by The Dramatic Publishing Company *Notice of Filing Documents Pursuant to 9 USC 13* (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D)(Tottis, Kevin) (Entered: 01/04/2023) |
| 01/12/2023 | [74](#) | MINUTE entry before the Honorable Matthew F. Kennelly: The Court issued a decision on 12/29/2022 that stated at the end, in relevant part, that "The parties are directed to promptly confer regarding the form and language of a judgment for entry by the Court and are to provide an agreed form of judgment, or proposed alternatives if they cannot agree, by January 4, 2023. The proposed judgment should also calculate interest pursuant to the Court's ruling through January 5, 2023." Neither the docket in this case nor the Court's proposed order e-mail address reflect any submission in compliance with that order. The parties are directed to comply by no later than 10:00 AM tomorrow, January 13, 2023. At this point, the proposed judgments needs to calculate interest through January 13, 2023. The Court will impose a sanction for noncompliance and will not entertain any requests to extend the (new) deadline. (mk) (Entered: 01/12/2023) |
| 01/13/2023 | [75](#) | FINAL JUDGMENT ORDER: Signed by the Honorable Matthew F. Kennelly on 1/13/2023. Mailed notice. (mma, ) (Entered: 01/13/2023) |
| 01/13/2023 | [76](#) | ENTERED JUDGMENT. Mailed notice. (mma, ) (Entered: 01/13/2023) |
| 01/13/2023 | [77](#) | MINUTE entry before the Honorable Matthew F. Kennelly: The telephonic status hearing set for 1/18/2023 is vacated. The next status hearing is on 2/22/2023. (mk) |

|  |  | (Entered: 01/13/2023) |
| --- | --- | --- |
| 01/25/2023 | 78 | STIPULATION *Stipulation Regarding Attorneys' Fees* (Tottis, Kevin) (Entered: 01/25/2023) |
| 01/26/2023 | 79 | MINUTE entry before the Honorable Matthew F. Kennelly: Based upon the parties' stipulation, the Court awards petitioner Dramatic Publishing Co. attorney's fees and costs against respondents Estate of Nelle Harper Lee and Harper Lee LLC in the amount of $214,000. Because it appears that no matters remaining pending before this Court, the telephonic status hearing set for 2/22/2023 is hereby vacated. (mk) (Entered: 01/26/2023) |
| 02/10/2023 | 80 | PAYMENT by Tonja Carter, Harper Lee, LLC of Filing fee $ 505, receipt number AILNDC-20336301. (Hymer, David) (Entered: 02/10/2023) |
| 02/10/2023 | 81 | NOTICE of appeal by Tonja Carter, Harper Lee, LLC regarding orders 75 Filing fee $ 505, receipt number AILNDC-20336569. Receipt number: n (Hymer, David) (Entered: 02/10/2023) |
| 02/13/2023 | 82 | REQUEST for Clerk of Court to refund filing fee in the amount of 505.00, receipt no. AILNDC-20336301, regarding 505.00 fee payment of notice of appeal 80 (Hymer, David) (Entered: 02/13/2023) |
| 02/14/2023 | 83 | REFUND PROCESSED re REQUEST for Clerk of Court to refund filing fee in the amount of 505.00, receipt no. AILNDC-20336301, regarding 505.00 fee payment of notice of appeal 80 (Hymer, David) 82 (td, ) (Entered: 02/14/2023) |