IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE DRAMATIC PUBLISHING COMPANY, ) ) ) | |
| Petitioner, ) ) | Case No. 21-cv-05541 |
| v. ) ) ) | Honorable Matthew F. Kennelly |
| THE ESTATE OF NELLE HARPER LEE, BY AND THROUGH ITS PERSONAL REPRESENTATIVE TONJA CARTER & HARPER LEE, LLC, ) ) ) ) ) ) ) | |
| Respondents. ) | |

### THE DRAMATIC PUBLISHING COMPANY'S MEMORANDUM IN SUPPORT OF THE PARTIES' MOTION TO MODIFY THE FINAL JUDGMENT ORDER

Although all parties have jointly filed a motion to modify the Final Judgment Order in this case, Petitioner, The Dramatic Publishing Company ("Dramatic") submits this memorandum to address any concerns the Court may have about the Court's ability to amend the existing Final Judgment Order, including the Court's ability to amend a judgment resulting from an arbitration award. Although the Estate of Nelle Harper Lee, by and through its Personal Representative Tonja Carter and Harper Lee LLC (collectively, the "Estate"), declined to join in providing this legal authority (for reasons unclear to Dramatic), Dramatic does not believe the Estate opposes the reasoning set forth below.

This Court has the discretionary authority to amend the January 13, 2023, Final Judgment Order it entered in this case. ECF No. 75. As discussed below, where a movant shows a change in circumstances affecting a final judgment, the Court, in its discretion, may modify the terms of that judgment suitably tailored to the changed circumstances. Here, the terms of the settlement

agreement (the "Settlement Agreement") between Dramatic and the Estate reflect several changes in the underlying circumstances, which, in turn, justifies a modification of the Final Judgment Order. Among other things, the Final Judgment Order confirmed the Arbitrator's finding that Dramatic's exclusive rights to non-first-class productions of *To Kill a Mockingbird* granted to it by Harper Lee in the Parties' 1969 Agreement survived termination under the Copyright Act. ECF No. 75 at ¶ 6(a). In settling and dismissing its appeal to the Seventh Circuit (Appeal No. 23-1309), the Estate agreed to purchase *non-exclusive* rights from Dramatic to license in the non-first-class market, although it also expressly agreed Dramatic retained the right to continue licensing in that market as well. That purchase along with other modifications to the Parties' rights and obligations set forth in the Final Judgment Order, are contained in the Settlement Agreement. A copy of the Settlement Agreement (redacted largely to remove financial terms) is attached to this memorandum as Exhibit A.

## BACKGROUND

On January 13, 2023, this Court entered final judgment, confirming an arbitration award in favor of Dramatic. ECF No. 75. The Estate and LLC timely filed a notice of appeal. While on appeal, the parties participated in mediation under Federal Appellate Rules of Procedure Rule 33 and Circuit Rule 33. They reached agreement on settlement and executed the Settlement Agreement on September 3, 2025. In the Settlement Agreement, the parties agreed to ask this Court to modify the Final Judgment Order to reflect certain (but not all) changes to the Estate's obligations reflected in the Settlement Agreement. The proposed changes to the Final Judgment Order are reflected in redlined and clean copies attached as Exhibit B and Exhibit C respectively.

## ARGUMENT

Under the Federal Arbitration Act, once judgment is entered on an arbitration award, "[t]he judgment so entered shall have the same force and effect, in all respects, as, and be subject

to all the provisions of law relating to a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. In short, the judgment entered by this Court stands on equal footing with any other judgment entered by this Court; not only may it be enforced by this Court, it is subject to all "provisions of [the Federal Rules of Civil Procedure] relating to the judgment." *Id*.

Rule 60(b) of the Federal Rules of Civil Procedure gives this Court the discretion to modify the terms of the Final Judgment Order. Section 60(b)(5) permits district courts to relieve parties from final judgments, orders, or proceedings when "applying [a judgment] prospectively is no longer equitable." Similarly, rule 60(b)(6) permits discretionary relief for "any other reason that justifies relief." Modifications of final judgments under Rule 60(b)(5) are appropriate if the movant can demonstrate a significant change in factual conditions or law that warrants revision of the order. *Komyatti v. Bayh*, 96 F.3d 955, 962 (7th Cir. 1996), *citing Kindred v. Duckworth*, 9 F.3d 638, 644 (7th Cir.1993). Rule 60(c)(1) requires that any motion filed under Rule 60(b)(5) be filed within a "reasonable time."[1]

The Supreme Court has permitted modification of a consent decree where the parties seeking the modification show "a significant change in circumstances [that] warrant revision of the [judgment]." Once this standard is met, "the court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992).

Here, the parties' Settlement Agreement—including the sale of worldwide non-exclusive rights to the Estate by Dramatic—reflects such a significant change in circumstances. A review

---

[1] This memorandum does not address whether a court may amend a judgment arising from an arbitrator's award absent the agreement of the parties.

of the Settlement Agreement, in turn, will give the Court the opportunity to determine whether the modifications proposed in Exhibit B and C are "suitably tailored to the changed circumstance."

District courts faced with settlements on appeal have permitted similar changes. *See, Janssen Prods., L.P. v. Lupin Limited,* No. 10-5954, 2016 WL 3392291, *3 (D.N.J. June 15, 2016), (given Third Circuit's policy favoring voluntary settlements, court permits modification of final judgment enjoining defendants from infringing patent after one defendant enters into license during pendency of appeal). *Tommy Hilfiger Licensing, Inc. v. Costco Companies, Inc.*, 2002 WL 31654958 (S.D.N.Y. Nov. 25, 2002) (granting motion for indicative ruling vacating judgment under Rule 60(b)(6) because parties settled while matter was on appeal to Second Circuit).

As Dramatic has indicated above, the agreed Amended Final Judgment Order between the parties reflects some, but not all, changes to the Parties' obligations set forth in the Settlement Agreement. Dramatic raises this point to avoid any confusion for the Court. Obviously, the Court may, in its discretion, order further modifications consistent with the Settlement Agreement should the Court deem such modifications appropriate.

## CONCLUSION

**WHEREFORE**, Dramatic requests that the Court: 1) grant the Parties' joint request to Amend the Final Judgment Order as reflected in Exhibit C to this memorandum; and 2) provide any further relief the Court deems appropriate.

Dated: November 6, 2025                                     Respectfully submitted,

                                                            The Dramatic Publishing Company

                                                            By: /s/ *Kevin Tottis*
                                                                 One of its Attorneys
                                                            Kevin Tottis (ARDC No. 6193853)

5

    ktottis@tottislaw.com
Keith Stolte (ARDC No. 6244848)
kstolte@tottislaw.com
401 N. Michigan Avenue
Suite 530
Chicago, IL 60611
Tel: (312) 527-1400
Fax: (312) 589-7192